UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas T. Bryant, </br></br>              Plaintiff, </br></br>v. </br></br></br>Warden W. Eagleton; AW R. McFadden; and Nurse Supervisor A. Smith, </br></br>              Defendants. | Civil Action No. 2:13-1045-MGL </br></br></br></br></br></br>**OPINION AND ORDER** |

Plaintiff Thomas T. Bryant ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated due to Defendants' deliberate indifference to his serious medical needs while he was an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. (ECF No. 1.) Specifically, Plaintiff contends he did not receive his medical supplies for a period of seven days. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial handling and a Report and Recommendation ("Report"). The matter is before the Court for review of the Report recommending that Defendants' Motion for Summary Judgment (ECF No. 35) be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 28, 2013, Defendants Eagleton, McFadden and Smith ("Defendants") filed a motion for summary judgment. (ECF No. 35.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on August 28, 2013, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 36.) Plaintiff was granted two extensions of time to respond to the

motion for summary judgment (ECF Nos. 40, 58), and filed his response in opposition on November 14, 2013 (ECF No. 64), and a supplemental response on November 18, 2013. (ECF No. 69.) On February 14, 2014, Magistrate Judge Hendricks issued a Report recommending that Defendants' motion for summary judgment be granted as to Defendants McFadden and Eagleton because the doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. (ECF No. 83 at 6.) The Magistrate Judge recommended granting summary judgment to Defendant Smith having determined that Plaintiff's allegations do not rise to the level of deliberate indifference and that Defendant Smith is entitled to qualified immunity. (ECF No. 83 at 11.)

## DISCUSSION

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 83 at 13.) Plaintiff filed a document with the Court titled "Objection to Report and

Recommendation" (ECF No. 89) in which he asked for additional time to respond to the Report and Recommendation. Construing Plaintiff's filing as a motion for extension of time, the Court granted Plaintiff until March 14, 2014 to make his submission. Plaintiff sought another extension (ECF No. 92) and this Court granted Plaintiff until March 26, 2014 to make any additional submissions. (ECF No. 93.) Plaintiff filed no further objections or sought any further extensions of time and the time for doing so has now expired.

In an abundance of caution, however, the Court has also reviewed Plaintiff's March 4, 2014 "Objection to Report and Recommendation" and supporting documentation in light of the applicable standards and with particular attention to Plaintiff's allegations concerning Defendant Smith. Although Plaintiff continues to allege generally that Defendant Smith denied him medical supplies and seemingly challenges her affidavit and the accuracy of medical records submitted therewith, he fails to make any specific objections to the Magistrate Judge's Report and Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984). Plaintiff's "objections," to the extent they can be construed as such, do not alert the Court to matters which were erroneously considered by the Magistrate Judge. The Court finds that the Magistrate Judge prepared an extensive and detailed Report and appropriately addressed Plaintiff's claims. Specifically, the Magistrate Judge acknowledged that Defendants presented evidence that Plaintiff received the medical supplies at issue but assumed, for the purposes of review on summary judgment, that Plaintiff in fact went without his medical supplies during the relevant time period. (ECF No. 83 at 9.) In doing so, the Magistrate Judge considered Plaintiff's statements as the equivalent of an opposing affidavit for summary judgment purposes. Still, the Magistrate Judge correctly determined that Plaintiff's

allegations do not amount to deliberate indifference. Accordingly, the Court, accepts the recommendations of the Magistrate Judge.

## CONCLUSION

After reviewing the motion and responses, the record, the Report and Recommendation of the Magistrate Judge, and the "objections" of Plaintiff, the Court finds no error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 83) by reference into this order. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 35) is GRANTED, and this case dismissed. Any remaining motions are rendered MOOT.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 27, 2014